[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13323
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-21020-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DORELL COLLIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 30, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Dorell Collier appeals his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

On appeal, Collier challenges the district court's admission of certain evidence. We review a district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006). We will reverse an evidentiary ruling only if it affected the defendant's substantial rights; that is, "where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990).

Collier first challenges the testimony of a police officer that, shortly after Collier was arrested, a woman approached the officer and told the officer that she was the person who called 911. Collier contends that this statement was inadmissible hearsay and created the prejudicial inference that the police had arrested the correct man because the caller did not say otherwise. The statement also allowed the government to elicit testimony that the caller seemed nervous, which supported its contention that Collier was a dangerous and threatening person.

Here, sufficient evidence -- unaffected by the caller's statement -- existed to sustain Collier's conviction.[1] This evidence included that (1) someone called 911 to report that a black boy wearing a white shirt with red and white pants and a black headband had a gun in his pocket and might shoot someone in a convenience store; (2) police officers approaching the store observed a black man wearing a white shirt and red and white shorts among a crowd of people; (3) the man, later identified as Collier, broke away from the crowd and started running when he saw the police; (4) officers followed Collier until he hid behind a concrete pillar; (5) after the officers issued many verbal commands, Collier came out with his hands up; (6) an officer discovered a firearm -- that contained one bullet in the chamber -- where Collier was arrested; and (7) Collier later told the officers that the only reason he did not kill one of the officers was because he had only one bullet; and he knew that if he shot one of the officers, then the other officer would kill him. So, on these facts, even accepting Collier's contentions about inadmissible evidence as true, we cannot say that the admission of the hearsay statement and accompanying inference constituted reversible error.[2]

---

[1]If the officer's testimony about the 911 caller's out-of-court statement was offered to prove the truth of the matter asserted (that is, that she was the person who called 911), then the statement was seemingly inadmissible hearsay. See Fed.R.Evid. 801.

[2]We also note that the inference that the officers arrested the correct man is not apparent from the statement about the 911 call. The caller did not identify Collier as the suspect, but simply identified herself as the person who called 911.

Collier also argues that the district court should not have allowed testimony about a separate alleged threat -- that Collier told the officers he would remember them and kill them with an AK47 he had in his house -- that Collier made to the arresting officers after he was taken to the county jail. Collier contends that this threat bore no relevance to the firearm possession with which he was charged and that admission of the threat was unduly prejudicial.

Here, on cross-examination of one of the arresting officers, Collier inquired about the contents of the police reports, including whether the reports contained the threat (about the gun containing only one bullet) that Collier made to officers when he was arrested or that Collier had fled on foot. At one point, Collier's counsel asserted "[t]here is no indication of any threats in the report?" Then, on redirect examination, the government asked about what threats the reports did contain; and the officer then testified about Collier's threat to kill them with an AK47.

We see no error in the district court's admission of this evidence upon that court's conclusion that Collier opened the door to the evidence. While extrinsic evidence of prior bad acts is inadmissible to prove a defendant's character to show conduct in conformity therewith, see Fed.R.Evid. 404(b), "inadmissible extrinsic evidence is admissible on redirect [examination] as rebuttal evidence, when defense counsel has opened the door to such evidence during cross-examination,"

see United States v. West, 898 F.2d 1493, 1500 (11th Cir. 1990).

And defense counsel opened the door here. On appeal, Collier contends that his line of questioning was about only the "one bullet" statement and, thus, permissible impeachment because this statement was not in the police reports. But Collier's counsel questioned the officer about many omissions and inaccuracies in the police reports, including asserting that the report contained no indication of "any threats." Thus, Collier opened the door for the officer to testify on redirect examination about the threats the reports did contain. The district court abused no discretion in admitting the testimony.[3]

AFFIRMED.

---

[3]We also note that sufficient evidence existed, as noted above, to sustain Collier's conviction independent of the admitted threat. See Hawkins, 905 F.2d at 1493.